*352 Opinion of Daniel Dulany, Esquire.(a)
I’11® case is in substance this : Mr. Deacon, by his testament, bequeathed the use of certain negroes to the defen(jant for per jjf6j an¿ after her decease bequeathed the negroes to his nephew, in whose place the complainant stands. Some of the negroes bequeathed had issue after the death of the testator; and the question is, whether the issue is to be considered as part of the use, or as an accessary, and therefore follow the right to the principal.
The civil law was cited on the part of the complainant, and, if the rule were to be taken from the civil law, it would be in favour of the complainant.
The title, however, de usu et habit alione, does not affect the question. What is meant by the term use, by us corresponds with usufructus.
Hoppias shews the distinction between usuarius and nsufructus, and his distinction without more is sufficient. Usufructuarius omnes fructus percipit; usuarius autem naturales tantum, non industriales, et sic nec lacté, nec land, nec agnis, uti poterit nisi ad necessitatem summam, ábi módico lacte uti liceat. Usufructuarius utilitatem aliis vendere vel cedere poterit, licet ipse jus retineat. Usuarius vera Utilitatem alteri cedere nequit.
Lib. 2. tit. 1. sect. 37, 38. de rerum divisione, et acquirendo ipsarum dominico, relate more nearly to the subject: In pecudum fructü etiam foetus est, sicuti lac, pilus et lana, itaque agni, hcedi, et vituli, et equuli et suculi, statim naturali jure dominini fructuarii sunt. Partus vero ancillce infructu non est, itaque ad dominum proprietatis pertinet; absurdwn enim videbatur, hominem in fructu esse cum omnes fructus rerum natura gratia hominis comparaverit» *353 Sed si gregis usufructum quis habent in locum de mortuorum capitum ex fcetu, fructuarius submittere debet, ut ex Juliano virum est, et in vinearum demortuorum vel arborum locum alias debet substituere, recte enim colere et quasi bonus paterfamilias uti debet.
Hoppias, Ex Fcetu, that quia alioquin periret proprietas, hinc submissa ex fcetu ad dominum proprietatis pertineat. Si autem nihil adnascetur, aliunde oves (~scil.J fructuarias non tenelur«
The civil law is no otherwise a rule than as it has been adopted, or as the reason of it may weigh. Adopted, it has not been here; and the reason above assigned, “ ab~ a surdum enimf &c. is rather an indication of humanity than applicable to the condition of our slaves. But there seems to be great reason in the rule applied to cattle, a quia alioquin periret proprietas,” &c. and if this was a new case, I should be strongly inclined to advise a different order from that which I think myself bound to do, in consequence of the case of Dobson v. Scott.
The two principal reasons which governed the Court of Appeals were,
1. That the issue ought to go to the person to whom the use was limited; otherwise, having no interest worth regarding, he might not take care of the issue. That it would only be a reasonable satisfaction for the expenses of maintenance, and for the time lost by the parent.
2. That when the use is given, a bounty at all events is intended; but instead of a benefit, if the issue should go over there might be a loss, and Bac. Abr. tit. Leases, p. 300, 301. was cited. If there be a lease of live stock, the young shall go to the lessee, otherwise the lessee would pay his rent for nothing.
This reasoning might, I think, be refuted in the admission, that oiily such of the issue should go over, as may make good the principal or original stock of negroes; but I apprehend the present rule must be stare decisis, a rule founded on great convenience. On this head Lord Hardwicke used to say from Horace, utilitus justi prope mater *354 et cequi; and Lord Talbot observed, that the rules of property being certain and known, it is not of great consequence what they are. The instances in which Judges have been governed by this' consideration, are infinite.
What Mr. Johnson observed at the bar is certainly true, that ever since the case of Scott v. Dobson, the law has been in this point looked upon to be, settled. The general opinions of lawyers have been accordingly; purchases have been made, and much property is held under it, and if a solemn decision in the dernier provincial resort should not be conclusive, contentious suits would be infinite. Misera est res ubi jus est vagum. The distinction (it was the only one he could attempt for his purpose) taken by Mr. Dali to avoid the case of Scott v. Dobson, cannot be admitted ; for there is no difference between the thing and the use, when the first devisee does not take the entire property. Chanc. Free. 323.
Wherefore, I apprehend, that the security taken should stand only for the principal or original negroes left by the, testator.
DECREE.
THIS cause coming this present day, (16th of February, 1770,) to be heard and debated in the presence of counsel on both sides, and the bill, answer, and other proceedings in the said cause, having been read, and the arguments of the counsel on both sides having been heard and considered, It is ordered here by the Court, that the security taken in the said cause do stand and remain obligatory upon the principal and surety therein mentioned, according to the intent^ and purpose thereof, as to the negroes specifically reserved to and for the use of the defendant; but not as to the issue proceeding, or that have proceeded or shall proceed from the negro woman called Priscilla.
Robt. Eden, Chan’r.

 At the time this opinion was given by Mr. Dulany, he was a member of the Proprietary’s Council, and no doubt was universally consulted by the Governor in all important cases coming before the Governor, 'Who acted as Chancellor.